PER CURIAM.
Steven E. Moore appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse as to Moore’s claim that his attorney was ineffective for failing to object to the sentencing court’s imposition of a departure sentence without written reasons. We affirm the balance of the order without comment.
Moore’s claim is cognizable in a rule 3.850 motion. See Pilkington v. State, 734 So.2d 1153 (Fla. 2d DCA 1999). In denying Moore’s claim, the trial court concluded that the sentencing court, following Moore’s violation of community control, had the authority to use a one-cell bump and sentence him in the next higher cell without providing written reasons. We disagree.
Moore committed his offenses on June 23, 1996. Imposition of a cell bump for a violation of community control is inapplicable to the sentencing guidelines for offenses committed on or after October 1, 1995. See Fla. R.Crim. P. 3.991. Accordingly, the trial court’s summary denial of Moore’s claim on this basis was erroneous.
We therefore reverse and remand for the trial court to attach portions of the record that set forth the reasons for the departure sentence or to conduct an evi-dentiary hearing on the claim.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and GREEN and SALCINES, JJ„ Concur.